**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| Alexandra Jenkins,<br><br>      Plaintiff,<br><br>  v.<br><br>Indiana Department of Child Services,<br><br>      Defendant. | CASE No. 1:25-cv-421<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Come now the Plaintiff, Alexandra Jenkins ("Jenkins" or "Plaintiff"), by counsel, Grover B. Davis, and Scott S. Mandarich, and for her Complaint against Defendant, Indiana Department of Child Services ("DCS" or "Defendant"), states:

**INTRODUCTION**

1. This is a civil rights complaint for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

2. From November 2017 to October 14, 2021, Plaintiff Alexandra Jenkins was employed as a family case manager at the Indiana Department of Child Services, Delaware County office.

3. On October 13, 2021, management at DCS announced a change in the case assignment process. Upon hearing of the proposed changes, Plaintiff Alexandra Jenkins voiced frustration that the proposed changes could impact her adversely. A co-worker of Ms. Jenkins recommended that Ms. Jenkins take

1

her concerns to her supervisor. In response, Ms. Jenkins expressed that her supervisor would dismiss her concerns because of the color of Ms. Jenkins's skin. After learning of Ms. Jenkins' statement, DCS immediately subjected Ms. Jenkins to a pre-deprivation hearing. There is no evidence that DCS attempted to investigate whether the DCS supervisor in question was engaging in disparate treatment on the basis of race. The day after the pre-deprivation hearing, Ms. Jenkins was terminated from her position with DCS. The official reason for Ms. Jenkins' termination was her statement alleging discriminatory treatment by her supervisor.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper under 28 U.S.C. § 1391 because all of the conduct complained of occurred within this District.

## PARTIES

6. Plaintiff Alexandra Jenkins is an adult resident of the State of Indiana with an address located at 2019 S. Daly Avenue, Muncie, IN 47302. From November of 2017 to October 14, 2021, Ms. Jenkins was employed at the Delaware County Office of the Indiana Department of Child Services located at 3600 W. Kilgore Avenue, Suite 600, Muncie, IN 47304.

7. Defendant Indiana Department of Child Services is an agency or instrumentality of the State of Indiana with a principal office located at 302 W. Washington St., E306, Indianapolis, IN 46204.

## PROCEDURAL BACKGROUND

8. Plaintiff Alexandra Jenkins exhausted her administrative remedies at the Equal Employment Commission.

9. On July 10, 2024, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Determination that Plaintiff Alexandra Jenkins engaged in a protected activity, and that after Defendant DCS discovered the opposition to disparate treatment, DCS discharged Plaintiff's employment in retaliation in violation of Tittle VII. A true and correct copy of that Determination is attached as **Exhibit A**.

10. Following the EEOC's Determination, Plaintiff's case was referred to the U.S. Department of Justice for review. On December 13, 2024, the U.S. Department of Justice issued Plaintiff a Notice of Right to Sue. A true and accurate copy of that Notice is attached as **Exhibit B**.

11. This Compliant is being filed within 90 days of Plaintiff's receipt of the U.S. Department of Justice's Notice of Right to Sue.

## ALLEGATIONS OF FACT

12. In November 2017, the Indiana Department of Child Services hired Alexandra Jenkins as a family case manager in the Delaware County Office. In

her role as a family case manager, Ms. Jenkins was responsible for protecting children from abuse and neglect, maintaining or reunifying families whenever possible, and locating permanent homes or independent living for children who could not be reunited with their families

13. On October 13, 2021, management at DCS announced a change in the case assigning procedure.

14. Ms. Jenkins voiced concerns that the proposed changes would affect her adversely.

15. A fellow case manager suggested that Ms. Jenkins take her concerns to her supervisor, the Local Office Director.

16. In response to the suggestion that she bring her concerns to the Local Office Director, Ms. Jenkins stated that "its not gonna matter, cause my skin is not brown so she won't listen to me."

17. In making this statement, Ms. Jenkins communicated that she didn't feel that her supervisor would take her concerns seriously due to Ms. Jenkin's race which is an accusation of disparate treatment due to race.

18. Ms. Jenkins' comment was reported to management.

19. Ms. Jenkins was immediately subjected to a pre-deprivation meeting by management.

20. On October 14, 2021, DCS formally terminated Ms. Jenkins from her employment.

21. The sole basis for Ms. Jenkins' termination was her accusation of discriminatory treatment by her supervisor.

## **COUNT 1 – RETALIATION**

22. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

23. Plaintiff is a member of a protected class on the basis of race.

24. Plaintiff, in all respects, was performing her job in a manner that was consistent with DCS's legitimate business expectations.

25. When Plaintiff communicated that her supervisor wouldn't take her concerns seriously due to the color of Plaintiff's skin this constituted an opposition to DCS management's disparate treatment due to race.

26. Plaintiff's opposition was a "protected activity" under Title VII as determined by the EEOC.

27. Plaintiff suffered a materially adverse action when DCS terminated Plaintiff's employment with DCS.

28. The given reason for Plaintiff's termination by DCS was Plaintiff's statement alleging disparate treatment.

29. DCS's actions were taken with willful and wanton disregard of Plaintiff's rights under Title VII.

30. As a direct and proximate result of said unlawful employment practices in disregard of Plaintiff's rights, Plaintiff has suffered humiliation, degradation, emotional distress, professional defamation, consequential damages, and lost wages.

WHEREFORE, Plaintiff, Alexandra Jenkins, prays that this Court enter judgment in favor of Plaintiff and against Defendant Indiana Department of Child

Services for violation of Plaintiff's rights under Title VII, declare that the actions of the Defendant constituted unlawful retaliation under Title VII, award Plaintiff compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonable compensate her for her losses, damages for emotional distress, professional defamation, her costs attorney's fees, non-taxable expenses in this action, and any such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff Alexandra Jenkins hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: March 4, 2025

                                      Respectfully submitted,

                                      McCLURE McCLURE & DAVIS

                                      /s/ *Grover B. Davis*
                                      Grover B. Davis, #4408-49
                                      Attorney for Plaintiff

                                      /s/ *Scott S. Mandarich*
                                      Scott S. Mandarich, #3444-49
                                      Attorney for Plaintiff

McClure McClure & Davis
6602 E. 75th St., Ste. 112
Indianapolis, IN 46250
(317) 221-0800
(317) 221-0900 (fax)
gbdavis@gbd.law
smandarich@gbd.law